IN UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| KAREN J. GARRIS, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 5:17-cv-00039-MFU |
| | : |
| 933387 ONTARIO LTD. d/b/a | : |
| REMEX EXPRESS, *et al.* | : |
| | : |
| Defendants. | : |
| | : |
| AND | : |
| | : |
| JEFFERY T. GARRIS, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 5:17-cv-00038-MFU |
| | : |
| 933387 ONTARIO LTD. d/b/a | : |
| REMEX EXPRESS, *et al.* | : |
| | : |
| Defendants. | : |

## BRIEF IN SUPPORT OF MOTION IN LIMINE

Defendants 933387 Ontario Ltd. and Stewart Todd Scott, by counsel, submit the following points and authorities in support of their motion in limine to exclude evidence relating to Karen Garris' wage loss claim and documents not produced in discovery.

**I.**     **Evidence of Karen Garris' Wage Loss Claim**

Plaintiff Karen Garris seeks $524,160.00 in future wages covering a 15 year period until Plaintiff intended to retire. However, any evidence relating to Mrs. Garris' wage loss claim is highly speculative and should be excluded. Moreover, even if this court were to determine that

the evidence is not speculative, Mrs. Garris lacks the necessary experts to project her future wages and testify as to the present day value.

      A.      <u>Karen Garris Wage Loss Claim is Speculative in Nature</u>

In order to form a reliable basis for the calculation of lost future income, Virginia Courts have found that the "evidence must be grounded upon facts specific to the individual whose loss is being calculated." *Greater Richmond Transit v. Wilkerson*, 242 Va. 65, 72 (1991). It is axiomatic in Virginia that "statistical averages alone [cannot] form a sufficient evidentiary foundation for" lost future earnings. *Bulala v. Boyd*, 239 Va. 218, 233 (1990). A plaintiff must "furnish evidence of sufficient facts or circumstances to enable a jury to make an intelligent and probable estimate of damages." *Id*. "Such evidence must relate to facts and circumstances personal to the plaintiff as an individual, *not merely membership in a statistical class*." *Id. emphasis added*. "Statistical averages are too remote from the plaintiff's personal situation to permit an intelligent and probable estimate of damages." *Id*. at 233-234. Following the lead of the *Bulala* Court, the Virginia Supreme Court held that "estimates of damages based entirely on statistics and assumptions are too remote and speculative to permit an intelligent and probable estimate of damages." *Vasques v. Mabini*, 269 Va. 155, 159 (2005).

In this case, Karen Garris is basing her future lost income claim on the testimony of witnesses and documents relating to the jobs that are available in Winchester and what the average statistical income of a nurse is in the Winchester, Virginia area. In her initial disclosures, Karen Garris stated that her lost wage claim is based on the fact that she would have been expected to earn $55,000 a year based on her past work experience and her knowledge of what registered nurses with her experience are making. Responses to interrogatories further state that her future lost wages are based on a *likelihood* that Plaintiff would have worked, at the very

least, part time at an hourly rate of $30 per hour.  She is claiming lost future wages from July 1, 2015 through July 31, 2030.  All of the evidence Plaintiff intends to use at trial is too speculative to support a claim of lost future income.

First, this evidence does not account for Karen Garris' work history.  Any wage calculation would necessarily assume that Plaintiff would have been working part-time the day after the accident as a nurse.  The evidence provided thus far in the litigation does not support this assumption.  Significantly, in the past 18 years Karen Garris has worked for a total of six to seven months as a nurse, making anywhere from $23.00 to $26.00 per hour.  *See* Resume of Karen Garris, attached hereto as Exhibit A.  Karen Garris' 2014 Form 1099 states that she made $3,726.00 and her 2007 W2 states that she made $5,631.26.  (Exs. B & C.)  Moreover, a calculation based only on nursing positions would completely disregard the time Mrs. Garris elected to remain a homemaker or work as an unpaid assistant in her husband's mechanic's business.  Based on this work history alone, it is improper to assume that Karen Garris would make $30 per hour and work at least part-time as a nurse.  Moreover, Karen Garris voluntarily removed herself from the workforce four months before the accident when she resigned her position at Harris Community Care when the owner of the business told her she could not bring her husband in the office with her.  (Ex. D, Dep. of K. Garris, pp. 89-90.)

Second, the proposed calculation does not take into account Mrs. Garris own intentions following her resignation from Harris Community Care.  Notably, Mrs. Garris testified in her deposition that she had not even applied for a job at Winchester Medical Center.  (Ex. D., pp. 99-100).  Even more telling is Mrs. Garris' testimony that she "didn't want necessarily to take a position inside the facilities just yet."  (*Id.* p. 99.)

Third, there is no guarantee that Karen Garris would be hired or be qualified for the posted positions she seeks to use as evidence of her wage loss. Karen Garris is merely assuming that she would acquire one of these positions should she ever decide she wanted to work in a facility and actually apply. Thus, the postings of jobs available in the Winchester, Virginia area, (Karen Garris' exhibits 16, 17, and 19) are speculative as they relate to Karen Garris and fail to support lost future wages. These exhibits as well as witnesses Jennifer Hardware, Danielle Hardware, Kathy Kagarise and Anne Whiteside should be excluded from trial.

In addition, the witnesses from the Virginia Employment Commission and Karen Garris' Exhibit 18 should also be excluded. Plaintiff intends to use the evidence and testimony to support a statistical wage value calculated based on all registered nurses in the Winchester, Virginia – West Virginia Metropolitan Statistical Area. This wage rate is based on a statistical analysis that is not indicative of Karen Garris' employment history. As noted above, merely showing that Plaintiff is a member in a statistical class is insufficient evidence to support future lost wages. Exhibit 18 and witnesses Kalisz and Jacobs must be excluded.[1]

> B. <u>Plaintiff is not qualified to testify as to the Present Day Value so the Evidence Must be Excluded</u>

Plaintiff in this case would present any future wage loss claim without reducing the wages to their present day value. However, such unreduced evidence of wages is inadmissible and should be excluded at trial.

This Court has held that "when future payments or other pecuniary benefits are to be anticipated, the verdict should be made up on the basis of their present value only." *Mavity v. MTD Products, Inc*., 714 F.Supp.2d 577, 585 (W.D.Va. 2010). In *Mavity,* the Court noted that

---

[1] In addition to the reasoning above it is worth noting that neither of these witnesses were formally identified in discovery. Plaintiff only identified Ms. Kalisz in an email two days before the close of discovery. Witness Jacobs was never identified in discovery.

4

"awards for future medical expenses, like those for lost future earnings, should be calculated at present value."  *Id.* at 585-86.

In this case, Plaintiff has no expert to testify with respect to her wage loss claim or the present day value of such claim.  Plaintiff had previously identified Scott Moulden, a certified public accountant, to testify as to the present day value.  However, the Court concluded that Mr. Moulden's proposed testimony "amounts to expert testimony and Plaintiffs failed to abide by Rule 26 of the Federal Rules of Civil Procedure in designating Moulden as a witness."  (Order dated 1/5/2018, Dkt. No. 41.)  As a result, Mr. Moulden is precluded from testifying at trial.  Thus, plaintiff Karen Garris lacks an expert with the relevant expertise to introduce this evidence at trial and any testimony or evidence as to Mrs. Garris' future wages should be excluded.[2]

## II.     Plaintiff Failed to Disclose Evidence in Discovery

Plaintiffs have both identified exhibits which contain information that was not produced in discovery.  Specifically, Jeffery and Karen Garris have identified exhibits including bills from National Spine & Pain Centers, prescriptions for Karen Garris to be supplemented to the day of trial and all prescriptions for Jeffery Garris.  These items were either not produced in discovery or not produced in the form Plaintiffs intend to use at trial.

Rule 37(c)(1) of the Federal Rules of Civil Procedure provides that "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  This is an "automatic sanction [that] provided a strong inducement for disclosure of material that the disclosing party would

---

[2] Plaintiffs have not indicated that any witnesses will testify with respect to future medical treatment, however the same arguments would apply to future medical treatment which the Garrises may claim.

expect to use as evidence." *S. States Rock & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 595 n.2 (4th Cir. 2003). As these documents were not previously disclosed in discovery, Plaintiffs should be precluded from using them at trial.

WHEREFORE, defendants 933387 Ontario Ltd. and Stewart Todd Scott, respectfully request that the Court exclude any testimony or evidence offered by Plaintiffs or their witnesses regarding Plaintiff Karen Garris' claim for future wages and/or evidence not previously disclosed in discovery.

> 933387 ONTARIO LTD. d/b/a REMEX
> EXPRESS and STEWART TODD SCOTT
> *By Counsel*
>
> /s/
> Virginia M. Sadler
> Virginia State Bar No. 48736
> Attorney for 933387 ONTARIO LTD., d/b/a
> REMEX EXPRESS, 933387 ONTARIO LTD.,
> and STEWART TODD SCOTT
> JORDAN COYNE LLP
> 10509 Judicial Drive, Suite 200
> Fairfax, Virginia 22030
> (Tel.)   (703) 246-0900
> (Fax)   (703) 591-3673
> E-Mail:  v.sadler@jocs-law.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 11, 2018, I electronically filed the foregoing Defendants' Brief in Support of Motion *In Limine* with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Thomas A. Schultz, Jr., Esquire
>Virginia State Bar No. 12781
>240 Merrifield Lane
>Winchester, Virginia 22602
>(Tel.) (540) 722-2801
>(Fax) (540) 722-2803
>E-Mail: tschultzlaw@gmail.com
>*Counsel for Plaintiff*

>               /s/
>Virginia M. Sadler
>Virginia State Bar No. 48736
>Attorney for 933387 ONTARIO LTD., d/b/a
>REMEX EXPRESS, 933387 ONTARIO LTD.,
>and STEWART TODD SCOTT
>JORDAN COYNE LLP
>10509 Judicial Drive, Suite 200
>Fairfax, Virginia 22030
>(Tel.)   (703) 246-0900
>(Fax)   (703) 591-3673
>E-Mail:  v.sadler@jocs-law.com

7