CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 3 0 2018

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| JEFFERY T. GARRIS, | ) | |
| Plaintiff, | ) | Case No. 5:17-cv-38 |
| v. | ) | |
| 933387 ONTARIO LTD., et al., | ) | By: Michael F. Urbanski |
| Defendants. | ) | Chief United States District Judge |

| | | |
|---|---|---|
| KAREN J. GARRIS, | ) | |
| Plaintiff, | ) | Case No. 5:17-cv-39 |
| v. | ) | |
| 933387 ONTARIO LTD., et al., | ) | By: Michael F. Urbanski |
| Defendants. | ) | Chief United States District Judge |

## MEMORANDUM OPINION

This matter comes before the court on Defendants' motion in limine, filed on November 9, 2018, to exclude and/or limit the testimony of Dr. George Van Osten on Plaintiffs' future medical care and expenses. ECF No. 84; ECF No. 93. For the reasons explained below, Defendants' motion is **GRANTED**.

I.

Plaintiffs have identified Dr. Van Osten as an expert expected to testify as to their future treatment and the cost of such treatment. See ECF No. 16, 61; ECF No. 16, 66. Defendants have moved to exclude this testimony on two grounds: 1) Plaintiffs have failed

to comply with Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure; and 2) the proffered testimony is too speculative to be admissible. The court will address these two grounds in turn.

**A.**

Defendant's first objection deals with Federal Rule of Civil Procedure 26(a)(2)(B), which requires all witnesses presenting evidence under Federal Rule of Evidence 702, 703, or 705 to prepare and sign a written report, including the expert's opinions, the basis for these opinions, and the facts and data used in forming the opinions. Fed. R. Civ. P. 26(a)(2)(B). Dr. Van Osten, though designated as an expert witness, has provided no such report.[1] Plaintiffs, in their memorandum in opposition to this motion, do not claim that Dr. Van Osten has at any point provided an expert report. They refer only to Dr. Van Osten's qualifications and his history of treating Karen and Jeffery Garris. ECF No. 104, 2 – 3.

Dr. Van Osten has treated both plaintiffs, which would permit him to testify in his capacity as a treating physician. Treating physicians are not generally required to provide a report to testify, but are instead limited in their testimony. Hall v. Sykes, 164 F.R.D. 46, 48-49 (E.D. Va. 1995). Any expert who is "retained or employed to render a medical opinion based on factors that were not learned in the course of treatment of the patient" would have to provide the court with a report. Id.

Defendants argue that Dr. Van Osten is not testifying as a treating physician, but as a medical expert. Dr. Van Osten last treated Jeffery Garris in January of 2018. ECF No. 85-1, 7 – 8; ECF No. 94-1, 7 – 8. He last saw Karen Garris before her permanent spinal cord

---

[1] As Defendants point out, the expert designation does not meet the criteria of an expert report. See E.C.F. No. 16.

2

stimulator was implanted. ECF No. 85-1, 61; ECF No. 94-1, 61. Defendants argue that the information Dr. Van Osten is using in his testimony did not come from treatment of either Karen or Jeffery Garris and was instead gathered from conversations with Plaintiffs' counsel. Defendants also claim that testimony about future medical treatment and expenses, by its very nature, falls outside of the purview of a treating physician.

The court agrees with Defendants. While Dr. Van Osten may testify as to facts learned and opinions derived from his treatment of Plaintiffs, he may not testify about events that occurred after his treatment. An opinion based on information gained outside of treatment must be offered by an expert witness, not a treating physician. McDonald v. Wal-Mart Stores East, LP, 2008 WL 153782, at *3 (E.D. Va. Jan. 14, 2008). As Dr. Van Osten has not provided an expert report, his merely designated testimony does not comply with Rule 26(a)(2)(B).

**B.**

Defendants next argue that the proffered testimony is speculative. Rice v. Williams states that evidence of future medical expenses is only admissible if "brought out of the realm of speculation into the realm of reasonable probability; the law in this area deals in 'probabilities' and not 'possibilities'." 2017 WL 3197242, at *1 (W.D. Va. 2017) (quoting State Farm Mut. Auto. Ins. Co. v. Kendrick, 254 Va. 206, 208 – 09, 491 S.E.2d 286, 287 (1997)). Defendants point out that during his deposition, Dr. Van Osten was ambivalent about the probability of his own projections of Karen and Jeffery Garris' future treatment. Finally, Defendants argue that Plaintiffs clearly intend Dr. Van Osten to calculate future medical costs on the stand, and that this is both outside of his expertise and speculative.

3

While the expert designation recommended Jeffery Garris receive three nerve denervations per year, Dr. Van Osten stated that he had no way of knowing if Jeffery Garris would need them. ECF 85-1, 77; ECF No. 94-1, 77. Similarly, the expert designation states: 1) Karen Garris' spinal cord stimulator will stop working in 10-15 years; 2) at that point, she will require nerve denervations; and 3) she will require treatment with Fentanyl patches. ECF No. 16, 3. Dr. Van Osten's opinion on the lifespan of a spinal cord stimulator is not based on his treatment of Karen Garris, as it was implanted months after he treated her. He provides no basis for his opinion on how many nerve denervations Karen Garris will require per year, and instead testified that pain management is "like detective work," and that he has no way of predicting how many procedures she would need, or if she would need them at all. ECF No. 85-1, 119; ECF No. 94-1, 119. Dr. Van Osten also stated he cannot say what dosage of Fentanyl Karen Garris may need in the future. ECF No. 85-1, 72; ECF No. 94-1, 72.

Plaintiffs respond that Dr. Van Osten is a qualified and skilled pain management specialist, and that his opinions are based on his own extensive qualifications and experience. ECF No. 104, 2 – 3. Dr. Van Osten's qualifications notwithstanding, his testimony as to the future treatments remains in the realm of possibilities, rather than probabilities. Dr. Van Osten himself states repeatedly in his deposition that he does not know with any certainty if either plaintiff is going to need the future treatments to which he testifies. See ECF No. 85-1, 72; ECF No. 94-1, 72. Fairfax Hospital System v. Curtis states, "A medical opinion based on a "possibility" is irrelevant, purely speculative, and, hence, inadmissible." 249 Va. 531,

535 (1995). Dr. Van Osten's testimony concerns possibilities, not probabilities. His testimony regarding future treatment is speculative, and thus must be excluded.

## II.

Dr. Van Osten may testify as to his treatment of the plaintiffs and the opinions reflected in his treatment records. He may not offer any testimony as to treatment of either plaintiff that has occurred after he last saw them. He may not testify as to possible future complications or future treatments Karen or Jeffery Garris may need, including when Karen Garris' spinal cord stimulator will cease functioning, how many nerve denervations either Karen or Jeffery Garris will require, and whether Karen Garris will require treatment with opioids.

An appropriate order will be entered this day.

Entered: November 30, 2018

/s/ Michael F. Urbanski
Michael F. Urbanski
Chief United States District Judge